UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MENES ALEXANDER WEIGHTMAN,

        Plaintiff,

    v.                                                       Case No. 22-cv-1447-bhl

ELLEN O'BRIEN, et al.,

        Defendants.

## DECISION AND ORDER

      Plaintiff Menes Alexander Weightman, who is serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed this action pursuant to 42 U.S.C. §1983, alleging that his civil rights were violated. On June 20, 2023, Defendants moved for partial summary judgment on the ground that Weightman failed to exhaust the available administrative remedies in connection with his claim that Charles Dombeck, Diana Simmons, Dr. Ellen O'Brien, Laura Sukowaty, and Robert Weinman (the "Class III Committee") denied his request for foot surgery. Dkt. No. 21. The Court will grant the motion.

## BACKGROUND

      Weightman is proceeding on Eighth Amendment deliberate indifference, negligence, and medical malpractice claims based on allegations that Defendants failed to provide him adequate medical treatment for his broken foot. One of his claims is that the Class III Committee denied his request for surgery despite two specialists recommending surgery and despite his inability to walk properly because of the pain.

      Before filing suit, Weightman filed an inmate complaint asserting that his foot injury was not being properly treated and that he was in pain. The institution complaint examiner (ICE) received his

complaint on August 24, 2022, but Weightman had not included sufficient information for the department to investigate and decide his complaint. On August 29, 2022, the inmate complaint examiner received a second inmate complaint from Weightman with similar assertions. This second complaint stated that health services staff and officers were not properly treating his broken foot, were keeping him in pain, and were delaying his medical treatment. The inmate complaint was dismissed, and Weightman timely appealed the decision. Weightman's appeal was dismissed on September 21, 2022. Dkt. Nos. 22, 25 at ¶¶1-2; Dkt. No. 25-1 at 2-4; Dkt. No. 23-2 at 1-7, 11-13.

More than a month after his appeal was dismissed, on November 1, 2022, Weightman received a letter from the Class III Committee stating that his request for surgery had been denied because x-rays showed continued healing. Weightman did not file an inmate complaint about the Class III Committee's decision. Dkt. No. 22 at ¶¶11-12.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the

2

party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act (PLRA), which applies to this case because Weightman was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(1). According to the U.S. Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Defendants assert that the Court must dismiss Weightman's claim based on the Class III Committee's denial of his request for surgery because Weightman failed to exhaust the available administrative remedies on that claim before he initiated this lawsuit. Weightman asserts that he filed two inmate complaints about the inadequate care he was receiving, but he does not dispute that both of those inmate complaints (only one of which was fully exhausted) were filed more than a month *before* the Class III Committee denied his request for surgery.

Weightman appears to suggest that his single fully exhausted inmate complaint satisfied the exhaustion requirement under the continuing violation doctrine because the denial of the foot surgery was a continuation of the inadequate care he detailed in his inmate complaint. But the continuing violation doctrine cannot save this claim from dismissal for lack of exhaustion. "This is not an instance where a single grievance serves as notice of an ongoing condition or policy . . . .

3

[Weightman's] pain was ongoing, but the failure to treat it adequately . . . [was a] discrete act[], not a single course of conduct . . . ." *Tackett v. Jess*, 853 F. App'x 11, 13 (7th Cir. 2021).

Under Wis. Admin. Code § DOC 310.07(5), a prisoner must clearly identify the issue he is grieving to provide "notice to the prison of 'the nature of the wrong for which redress is sought.'" *See Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (internal citations omitted). Weightman's inmate complaint focuses on treatment delays and highlights that a doctor had told him he "may need screws and surgery if [his foot is] not healing right. He'll have an x-ray done in three weeks." Dkt. No. 23-2 at 13. According to the inmate complaint, it had been more than a month since the doctor's assessment, and Weightman still had not had a follow-up x-ray. *Id.* Thus, at the time Weightman filed his inmate complaint, surgery was only a possibility; it had not yet been recommended as necessary. The inmate complaint could not have provided notice to the prison that a surgery recommended by specialists had been denied before the specialists made that recommendation. Accordingly, Weightman did not exhaust the administrative remedies for his claim that the Class III Committee improperly denied his request for surgery, and Dombeck, Simmons, Dr. O'Brien, Sukowaty, and Weinman are entitled to summary judgment on that claim.

## CONCLUSION

For these reasons, Defendants' motion for partial summary judgment on exhaustion grounds (Dkt. No. 20) is **GRANTED**. Weightman's deliberate indifference claim based on allegations that Dombeck, Simmons, Dr. O'Brien, Sukowaty, and Weinman denied his request for surgery is **DISMISSED without prejudice**. Because that is Weightman's only claim against Dombeck, Sukowaty, and Weinman, those Defendants are dismissed from this action.

Dated at Milwaukee, Wisconsin this 1st day of August, 2023.

s/Brett H. Ludwig
Brett H. Ludwig
United States District Judge